DECISION OF DISMISSAL
This matter is before the court on Defendant's request for dismissal of Plaintiff's appeal, contained in its Answer filed March 17, 2010. The court addressed the motion with the parties during a hearing April 13, 2010. Plaintiff was represented by his daughter Marcela Luna (Luna). Defendant was represented by Dan Russell, an appraiser for Defendant. For the reasons set forth below, Defendant's request for dismissal is granted.
 I. STATEMENT OF FACTS
The appeal involves a duplex owned by Plaintiff and used as a rental property. The property is identified as Account 205782. The tax year at issue is 2009-10. Plaintiff stated in his Complaint that he "can't afford to make larger mortgage payment[s] every month, the economy is still really bad." (Ptf's Compl at 1.)
Plaintiff did not specify a requested value in the Complaint. When questioned by the court during the April 13, 2010, hearing, Luna indicated that the property was appraised in May 2009 and valued at $170,000, but that she believed the property was probably worth approximately $200,000 on January 1, 2009.
The real market value (RMV) on the assessment and tax rolls for the 2009-10 tax year is $207,650. The assessed value (AV) is $153,750. Plaintiff did not appeal the value of the *Page 2 
property to the county board of property tax appeals (BOPTA) before appealing to the Tax Court. Defendant moved to dismiss because Plaintiff did not appeal to BOPTA, and did not request a value in the Complaint.
 II. ANALYSIS
Plaintiff and his representative Luna have limited knowledge of the nuances of Oregon's system of property assessment and taxation. Although the court gave Luna an overview of the relevant laws during the April 13, 2010, proceeding, the court will reiterate the pertinent aspects in this decision for Plaintiff's review and consideration.[1]
In Oregon, a reduction in property taxes is achieved by obtaining a reduction in value. The method by which that is accomplished begins with an appeal to BOPTA before December 31 of the "assessment year." ORS 309.026(2)[2] (authorizing BOPTA to hear petitions for value reduction requests) and ORS 309.100(2) (providing for an appeal "following the date the tax statements are mailed for the current tax year and ending December 31"). A taxpayer unhappy with the BOPTA decision can appeal to this court within 30 days of the date the BOPTA order is mailed. ORS 309.110(7) (providing for an appeal of the BOPTA order "to the magistrate division of the Oregon Tax Court"); ORS 305.280(4) (requiring that the appeal "be filed within 30 days after the * * * date of mailing of the order").
The "assessment year" is a calendar year beginning on January 1. ORS 308.007(1)(b), (2). January 1 is also the annual "assessment date." ORS 308.007(1)(a) (providing that the assessment date is "the day of the assessment year on which property is to be assessed under ORS 308.210 * * *") and ORS 308.210(1) (requiring the assessor to assess the value of all *Page 3 
property on January 1). The "tax year" is a fiscal year that begins on July 1 and ends 12 months later on June 30. ORS 308.007(1)(c). Finally, "the assessment year beginning January 1 corresponds to the tax year beginning July 1 of the same calendar year." ORS 308.007(2).
As relevant to this case, which concerns the 2009-10 tax year, the assessment date is January 1, 2009, and the tax year began six months later on July 1, 2009. Thus, when addressing the value of the property for the 2009-10 tax year, the question is the RMV of the property on January 1, 2009.
Tax statements for the 2009-10 tax year were sent in October 2009. ORS 311.250(1) (requiring the tax collector to mail written tax statements to all property owners on or before October 25). The tax statements include information on how to appeal the value of the property. As indicated above, the first step is to file a petition with BOPTA after the tax statement arrives in the mail and before December 31. The BOPTA appeal window in this case was between October 2009 and December 31, 2009. Plaintiff did not file a petition with BOPTA, but, instead, filed directly to the Tax Court. The Complaint was filed March 1, 2010. In such cases (no BOPTA appeal), the court has only limited authority to consider a value reduction request. ORS 305.288.
ORS 305.288(1) authorizes the court to order a "change or correction applicable to a separate assessment of property" where, among other things, the requested change is a reduction in RMV "equal to or greater than 20 percent." Plaintiff in this case does not meet the 20 percent threshold because the RMV on the assessment and tax rolls is $207,650 and the requested value is $200,000. / / / / / / *Page 4 
The other avenue for reducing value under ORS 305.288 is found in subsection (3), and requires that the taxpayer have "good and sufficient cause * * * for the failure by the * * * taxpayer to pursue the statutory right of appeal." ORS 305.288(3). The term "good and sufficient cause" is defined in subsection (5) of that statute and provides in pertinent part that the term means an extraordinary circumstance beyond the taxpayer's control and does not include lack of knowledge. Luna explained that her father, who owns the property, speaks very little English and that she helps him with his business. Luna testified that neither she nor her father appealed to BOPTA before the December 31, 2009, deadline because they were unaware of the appeal process and simply did not pay attention. Those circumstances do not constitute good and sufficient cause.
The court is not aware of any other authority it has to reduce the value in this case. Moreover, the slight reduction in real market value Plaintiff has requested (from $207,650 to $200,000) would have no impact on Plaintiff's property taxes, and therefore, would not reduce Plaintiff's monthly mortgage payment (which includes property taxes). As a result, Plaintiff not only is not aggrieved, as required by ORS 305.275 (because there would be no reduction in property taxes), but a "successful" outcome in this case would be meaningless to Plaintiff because his ultimate goal was to reduce his property taxes and mortgage payments.
 III. CONCLUSION
For the reasons set forth above, the court concludes that Defendant's request for dismissal must be granted because Plaintiff did not appeal to BOPTA before filing his appeal with the Tax Court and he does not meet the statutory requirements of ORS 305.288. Now, therefore, *Page 5 
IT IS THE DECISION OF THIS COURT that Defendant's request for dismissal is granted and Plaintiff's appeal is dismissed.
Dated this ___ day of May 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This Decision was signed by Magistrate Dan Robinsonon May 6, 2010. The court filed and entered this Decisionon May 6, 2010.
[1] Luna was also advised that she could seek a value reduction for the upcoming tax year after the tax statement arrives in October 2010 and before the end of the 2010 calendar year.
[2] All references to the Oregon Revised Statutes (ORS) are to 2007.